FLAVIA M. T. PENDILL ET AL. V. ISAAC NEUBERGER.

*Witness—Heirs at law—Conversations—Facts equally within knowledge of deceased—Action for rent.*

1. How. Stat. § 7545, as amended by Act 139, Laws of 1885, prohibiting the *opposite* party from testifying, in a suit brought by *heirs*, to matters equally within the knowledge of the *deceased*, does not apply to such heirs.

2. Witnesses may testify to such portions of a conversation relevant to the issue as they heard, the *weight* of such testimony being for the jury.

8. In a suit to recover rent prosecuted by the *heirs* of the lessor, the defendant claimed the right to testify to a conversation had with the lessor alone regarding the lease, on the ground that the plaintiffs had shown a few words which passed between the parties *before* and *after* the private interview sought to be testified of, regarding the *same* subject-matter.

*Held*, that the testimony was properly excluded.

4. A plaintiff counted *specially* for rent due on a *parol* lease for one year from a specified date.

*Held*, that the *time* of the *commencement* of the term was material, and must be proved as alleged.

Error to Marquette. (Grant, J.) Argued November 5 and 9, 1886. Decided January 13, 1887.

Assumpsit. Defendant brings error. Reversed. The facts are stated in the opinion.

*Ball & Hanscom*, for appellant.

*F. O. Clark*, for plaintiffs.

CHAMPLIN, J. This is an action of assumpsit to recover rent claimed to be due upon a verbal lease.

The declaration contains a special count, as follows:

"For that whereas, the said defendant, on or about the first day of March, 1885, entered into a verbal agreement with James P. Pendill, now deceased, to rent of him his store upon Superior street, in the city of Marquette and State of Michigan, which he was then occupying, and which he had occupied from the second day of February previous; and whereas, the said defendant agreed to pay for the use of said store the sum of eight hundred dollars yearly rental, the year to commence with the second day of February, 1885, and to end with the second day of February, 1886, for the use and occupation of said store as aforesaid, said rental to be paid monthly, and which was paid monthly for two months; and whereas, the said defendant is now owing upon said agreement of rental for the months commencing the second day of April, 1885, and ending the second day of August, 1885; and whereas, the plaintiffs have become entitled to receive pay from the said defendant, for the amount so due for said rental, the sum of two hundred and sixty-six and sixty-eight

one-hundredths dollars, they, the said plaintiffs, being the sole heirs of said James P. Pendill, now deceased."

The testimony showed that James P. Pendill died March 9, 1885.

Testimony was introduced in behalf of plaintiffs tending to show that defendant moved into the store on the second day of February, 1885.

James Pendill was called as a witness for plaintiffs, and was permitted to testify to a conversation between his father, James P. Pendill, and the defendant, in the latter part of February, 1885, with respect to renting the store in question. After detailing a conversation between the above-named parties, the witness stated that they did not agree then, and went into the back part of the store, and he heard no more until they were coming out, and they were then still striving to agree at an arrangement about the price; and finally defendant said:

"' Very well, I will take it for a year,' and went out. No price was mentioned at that time in my hearing."

This witness also testified that defendant paid rent for the months of February and March, at the rate of $66.67 per month, and paid nothing after that, but refused.

Another witness, who was in the employ of Mr. Pendill previous to his decease, testified to hearing another portion of a conversation between Pendill and defendant as to his renting the store, some time after he had been occupying it, before the parties went into the back part of the store. He testified that he heard defendant say that he wanted to rent the store; that " there was nothing said about how long he wanted to rent it, or for what time, not right away." He heard Pendill ask him, " You want to rent it for a certain time?" and defendant said, " I will take it for a year, and put my brother in there, and do my tailoring in the other shop." That was all he heard in the store about it. He tes-

tified that he was on the sidewalk when defendant came out, when he stepped up to witness and said:

" 'Well, I have rented the store, but he charged me more for it than I expected he would.'

"He said he expected to get it for $600 a year, but he charged him $800 a year."

On cross-examination witness said:

"I know he, Neuberger, told me he had rented it at $800 a year."

Defendant testified that he told the witness last mentioned that he had rented the store at the *rate* of $800 a year; that he left the store some time the beginning of April; that the rent was all paid up to the time he went out; that he surrendered the key to James Pendill, and had not occupied the store since.

The witness James Pendill was not disqualified as a witness to testify to a transaction between his father and defendant for the reason that he is heir at law of James P. Pendill, and the transaction one equally within the knowledge of the deceased and defendant.   The disqualification applies to the *opposite* party, and not to the heirs, etc.

Neither was it error to permit witnesses to testify to such parts of a conversation as they have heard, although they did not hear the whole of such conversation.   The testimony in such cases is not irrelevant, but its *weight* is for the jury.

The defendant offered to prove, by his own oath, a conversation which was had between James P. Pendill and himself when no one else was present, and in which the agreement as to the renting of the store was made.   This was objected to as incompetent, under the statute excluding the testimony of a party respecting facts equally within the knowledge of a deceased person, where suit is prosecuted or defended by the heirs of such deceased person.   The defendant claimed the right to introduce this testimony on the ground that the plaintiffs had shown a few words which passed between James

P. Pendill and defendant, tending to prove a contract of rental, before the parties retired to a private room, and also a few words after the interview tending in the same direction. The testimony was properly excluded.

The counsel for defendant requested the court to charge the jury as follows:

"The plaintiffs can only recover in this case, if at all, under the special count in their declaration; and, in order to recover under that, they must have proved it just as they have alleged the contract to have been. It is. therefore not enough that the jury believe some contract was made by the defendant, but it is necessary that the jury should find from the evidence that the particular contract set forth in the declaration was entered into ·by the defendant, and in every material point just as set forth in the declaration."

This request was refused. On the contrary, the court instructed the jury as follows:

"The defendant, it seems, went in the second day of February. It is claimed no definite arrangement was made at that time, but some days afterwards, and between the twentieth and twenty-fifth of the same month, this arrangement was made, and they claim that the testimony shows the arrangement was for one year. If you should find from the testimony that the lease was for a year from the time of that conversation,—from the time of that agreement,—rather than from the second day of February, that would not interfere with the plaintiffs' right of action. But you must be able to determine, from the evidence in the case, there was a lease for a year, and the time at which it was to commence."

Counsel for defendant also requested the court to instruct. the jury—

"That it is no evidence of what the contract was that was subsequently entered into, as to what was said by the parties. when Mr. Neuberger first came in the store, and commenced the conversation which has been detailed by Mr. Machts and Mr. Pendill; that that, of itself, is no evidence of what the contract was which was entered into."

The court thereupon instructed the jury: .

"If there was no reference made to any definite time, of course that would have no bearing upon the question which you are to determine, as to how long the lease was to be. I don't remember that anything was said in regard to it. If there was, it has no bearing upon the controversy between the parties."

The charge of the court was erroneous. When the plaintiffs set forth a contract of leasing for a year by parol, the time of the commencement of the term was material, and the plaintiffs must prove it as alleged.

The learned judge had, in a previous portion of his charge, correctly instructed the jury as follows:

"There is a special count in the declaration, setting forth that this arrangement was made to commence on the second day of February, 1885, and to continue a year from that time, at the rate of $800 a year, to be payable monthly. Such is the agreement set forth in the declaration, and which the plaintiffs must prove in order to entitle them to recover. The plaintiffs cannot recover under the other counts in their declaration, but must recover, if at all, upon this count, and this statement or contract as I have stated it to you."

This fairly enough covered the defendant's request first above given. It will be observed that this portion of his charge is inconsistent with the other portion above quoted, given towards the close of his instructions. The jury did not find when the term was to commence, but returned a general verdict for $266.68. This, at the rate of $66.67 a month, would be the rent for four months; but, under the instructions, it cannot be determined whether it was for four months from the second of April, or four months from the twentieth or twenty-fifth of March.

If the defendant is to be held liable for a year's rent, it was quite important to know whether the term would expire on the second of February or the twentieth or twenty-fifth of the month.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.