JOHN GILLESPIE et al.

v.

MARGARET J. GILLESPIE.

*Filed at Mt. Vernon November 22, 1895.*

1. DEED —*effect of return of unrecorded deed to grantor's custody.* The return by a wife to her husband of an unrecorded deed of land made by him to her in consideration of marriage, merely because he wants it and deems himself a safer custodian, does not re-vest the equitable title in him, even though such deed cannot be found.

2. SAME—*when surrender of deed re-vests title.* The surrender of a deed only re-vests the equitable title in the grantor where it is done with the intention or request that it be destroyed for the purpose of such re-vesting.

3. ESTOPPEL—*acts done honestly and working no fraud do not estop the doer.* Acts done by a widow, not consistent with her ownership of certain land, under the honest belief and with advice that by surrendering custody of a former deed of such land to her husband she had lost title thereto, do not estop her to assert such title when better advised.

4. APPEALS AND ERRORS—*when admission of copy of lost deed is not error.* Objection that no proper foundation was laid by proof for the introduction of a copy of a deed in evidence is not available, on appeal, unless specifically made in the trial court.

5. EVIDENCE—*when secondary evidence of deed may be given.* A copy of a deed shown to be correct is competent to prove the contents of the original, where, on proper search, the original cannot be found.

6. WITNESSES—*widow may testify to facts happening after husband's death.* In a suit to partition lands of her husband, a widow may, by statute, testify to facts occurring after his death, and also in rebuttal of admissions sworn to have been made by her.

APPEAL from the Circuit Court of Randolph county; the Hon. GEORGE W. WALL, Judge, presiding.

DON E. DETRICH, and JAMES J. MORRISON, for appellants :

If a deed is delivered up to the party that is bound by it, to be canceled, and it is so, or if he that hath a deed doth, by agreement between him and the other, cancel the deed, by either of these means the deed is become void. 1 Sheppard's Touchstone, chap. 4, p. 70.

If one holding an unrecorded deed voluntarily gave it up to the grantor to be canceled, and it was destroyed, he could not afterwards recover the land. He could not show the contents by parol, as of a lost deed. *Thompson* v. *Thompson*, 9 Ind. 323; *Speer* v. *Speer*, 7 id. 178.

The grantee having put it out of his power to produce the deed, the law will not allow him to introduce secondary evidence in violation of his undertaking, and to defeat the fair intention of the parties. *Farrar* v. *Farrar*, 4 N. H. 191; *Mussey* v. *Holt*, 24 id. 248; *Dodge* v. *Dodge*, 33 id. 495; *Howard* v. *Huffman*, 3 Head, 562; *Commonwealth* v. *Dudley*, 10 Mass. 402; 2 Wharton on Evidence, sec. 861; *Blake* v. *Fash*, 44 Ill. 302; *Barrett* v. *Thorndyke*, 1 Greenl. 73.

A married woman may be estopped, in some cases, where her conduct would otherwise directly operate as a manifest fraud. *Dukes* v. *Spangler*, 35 Ohio, 119.

In any view, however, we may safely conclude that to allow validity to such transactions according to the fair intentions of the parties is not necessarily an infraction of the Statute of Frauds. Browne on Statute of Frauds, secs. 60, 61; *Sanford* v. *Finkle*, 112 Ill. 146.

H. CLAY HORNER, and R. J. GODDARD, for appellee:

A deed executed and delivered, but not recorded, vests title, and should the grantor afterwards get possession of it and destroy it, the grantee's title is not affected. *Oliver* v. *Oliver*, 149 Ill. 547; *Sanford* v. *Finkle*, 112 id. 151; *Duncan* v. *Wickliffe*, 4 Scam. 452, and citations; 1 Greenleaf on Evidence, sec. 265.

Where an unrecorded deed is surrendered by the grantee and destroyed by the grantor, both intending the acts to effect a reconveyance, even then, by the overwhelming weight of authority, the legal title remains in the grantee, and he may at any time assert it. The Statute of Frauds applies. *Sanford* v. *Finkle*, 112 id. 151; *Dukes* v. *Spangler*, 35 Ohio St. 126; *Jeffers* v. *Philo*, id. 173; Devlin

on Deeds, secs. 300-305; *McAllister* v. *Mitchner*, 68 Miss. 679; *Raynor* v. *Wilson*, 6 Hill's Ch. 472.

The element of estoppel sometimes changes this rule. See 2 Pomeroy's Eq. Jur. (1st ed.) sec. 807.

But in a few States such surrender and destruction of an unrecorded deed, with such intent, estop the grantee from showing its contents, thus practically reconveying to the grantor. This rule is in conflict with the Statute of Frauds and against the weight of authority. Devlin on Deeds, secs. 300-305; 4 Greenleaf's Cruise Dig. title 32, chap. 1, sec. 15, note 1; *Strawn* v. *Norris*, 21 Ark. 80.

These cases are designated by Greenleaf as "local," and by Devlin as "peculiar," who also says (sec. 305) they are always referred to "with disapproval."

In the absence of a fraudulent intent, if a deed be voluntarily destroyed, the person so destroying may show its contents to establish title. (*Blake* v. *Fash*, 44 Ill. 304.) If destroyed by the grantee's directions, intending to pass title, the rule is the same. *Sanford* v. *Finkle*, 112 Ill.150.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a bill for partition, filed in the circuit court of Randolph county, alleging that David Gillespie died intestate, seized of the south-west quarter and the west half of the south-west quarter of the south-east quarter of section 2, and lot 9, section 16, township 7, south, range 5, west, and asking for the assignment of dower to Margaret J. Gillespie, widow of the intestate, and partition of the premises between the complainant and defendant heirs. Defendant Margaret J. Gillespie filed her answer, denying that David Gillespie died seized of the west half of the south-west quarter and the west half of the north-east quarter of the south-west quarter of section 2, and lot 9, in section 16, (a part of the lands mentioned in the bill,) claiming that prior to his marriage with her, and in consideration thereof, he had conveyed to her this land. She then filed her cross-bill, alleging that the convey-

ance was made on the 21st day of April, 1886; that the deed was never recorded but was lost or destroyed, and praying that the heirs of David Gillespie be required to execute a deed to her for the same.   The cause was heard on the bill, cross-bill, answers, replications and oral testimony, and a decree rendered finding Margaret J. Gillespie the owner in fee of the lands described in the cross-bill, and ordering partition of and assignment of dower in all the other lands described as belonging to David Gillespie at the time of his decease.   An appeal is prosecuted to this court, the principal assignments of error being that the court erred in finding Margaret J. Gillespie to be the owner of the lands described in her cross-bill, and directing the execution of a deed to her for the same.

The fact that the deceased made and delivered to her a deed to the premises claimed, in consideration of their marriage, is not disputed.   She placed the deed in the custody of her son-in-law, S. L. Taylor.   Afterwards she informed Taylor that her husband wanted it, and he, after making a copy of it, sent it to her and she gave it to her husband.   It is contended that there was thus such a surrender of the deed to the grantor as would, of itself, have re-vested the title in him.   This is certainly not the rule in this State.   In *Duncan* v. *Wickliffe*, 4 Scam. 452, it is said that where a conveyance of a tract of land is executed and delivered, the subsequent destruction or surrender of the deed will not re-vest the title to the land in the grantor,—citing authorities.   And see, also, *Oliver* v. *Oliver*, 149 Ill. 542.   A different rule will apply if the grantee, in surrendering up the deed, does so with the intention or with the request that it be destroyed for the purpose of re-vesting the title in the grantor, as in that case the grantor again acquires the equitable title. *Sanford* v. *Finkle*, 112 Ill. 146, relied upon by counsel for appellants, would in such a case be in point.   It is there said, that where the title is vested, by deed, in a person

claiming under it, the court will divest it if it clearly and satisfactorily appears that another is entitled, in equity, to the land. To have brought the cause within the rule there announced, the burden of proof would have been upon the defendants to the cross-bill to show that the deed was surrendered to the husband with the intention that it should be destroyed and the title re-invested in him. The statement of counsel, that "it seems clear that the deed from David Gillespie to Margaret J. Gillespie was surrendered up to be destroyed by the grantor, with the consent of the grantee, if not at her instance," is unsupported by the evidence. The only witness whose testimony tended to establish that fact was Mrs. Sarah McMillin, who said : "I had a conversation with Mrs. Gillespie in regard to the deed for this place. * * * In the conversation she spoke of a deed made to her, and she said she got pa to destroy it." This testimony falls far short of proving that her intention was to divest herself of the title and re-invest it in her husband; but if it was to that effect, Mrs. Gillespie squarely refutes the statement and denies that any such conversation took place. On the other hand, the testimony of Taylor, the first custodian of the deed, shows that Mrs. Gillespie was reluctant to place it in her husband's possession, and did so, as she said, only because he thought himself "*a safer custodian of the deed*" than Taylor.

But it is insisted that the doctrine of equitable estoppel may be successfully invoked by the heirs of David Gillespie, and it is urged that, the deed being canceled with the intention of re-vesting the grantor with title, it had that effect by way of estoppel *in pais;* that the grantee having put it out of her power to produce the deed, the law will not allow her to introduce secondary evidence in violation of her undertaking, and thus defeat the fair intention of the parties. This position as stated may be conceded; but it is not applicable here, as it can not be said that the deed was canceled with the consent

of the grantor. But it is also contended that by her subsequent acts Mrs. Gillespie has become estopped from claiming title to these lands, and the acts of estoppel relied upon by counsel are, that David Gillespie occupied the lands and exercised control over them, and offered to sell to different parties, with her knowledge and without objection; that they were, after his death, inventoried as part of the assets of his estate with her knowledge, and that in February, 1895, she filed a bill in the circuit court of Randolph county, in which she averred that David Gillespie died seized of the same, claiming but a homestead and dower interest therein, and asking that they be assigned to her. From the evidence it appears that she and those who were advising her believed then that the destruction of the deed to her without being recorded destroyed all her rights thereunder, and she honestly thought a homestead and dower interest in the land was all she could hold. The rule invoked by appellants is stated thus in Story's Equity Jurisprudence, (vol. 2, sec. 1543): "This doctrine of estoppel *in pais*, or equitable estoppel, is based upon a fraudulent purpose and a fraudulent result. If, therefore, the element of fraud is wanting there is no estoppel. * * * There must be deception, and change of conduct in consequence, in order to estop the party from showing the truth." The rule thus announced has been quoted with approval by this court in *Davidson* v. *Young*, 38 Ill. 145, *First Nat. Bank of Quincy* v. *Ricker*, 71 id. 439, and *Holcomb* v. *Boynton*, 151 id. 294. There is wanting in the proof in this cause every element here required. There was no fraudulent purpose on the part of Mrs. Gillespie in filing her former bill, neither was there any fraudulent result. There was no deception on her part, neither did the heirs, in any way, change their position or conduct in consequence of the filing of that bill.

Objection is made that the copy of the deed in question should not have been admitted in evidence. If it

was claimed, upon the hearing, that the proper foundation for the introduction of parol evidence of the contents of the instrument had not been laid by proving that the original could not be found, then specific objection should have been made, so that the cross-complainant could have had the opportunity to supply the wanting proof. No such objection was made. It also appears that proper search was made and the original not found. Secondary evidence of its contents was therefore competent, and it being clearly proven that the copy offered was a true and correct one, it, in connection with the testimony of the óne who made it, was competent. Aside from the copy of the deed, Taylor, who made it, in his testimony refers to the deed as being the one mentioned in the cross-bill; and R. H. Mann, the scrivener who made the original deed, says positively it purported to convey the homestead lands, which are the same lands described in the cross-bill. The contents of the deed were therefore satisfactorily shown without the copy.

It is further insisted that error was committed in permitting Margaret J. Gillespie to testify. In her direct testimony she testified that she was unable to find the deed; that she had put it in the possession of her husband, and that it was now lost or destroyed. In rebuttal she testified in regard to an admission testified by Sarah McMillin to have been made by her. By the express provisions of the statute she was competent for that purpose, and also to facts occurring after the death of her husband. In so far as she gave evidence of matters occurring during his lifetime she was incompetent, but her testimony in that regard is not essential to support this decree, all such matters material to be proven being established by the testimony of other witnesses.

Lastly, appellants say error was committed in the decree, in that it directed them to convey to the widow all the lands described in the cross-bill,—the original deed, as to lot 9, section 16, only purporting to convey

the west half thereof. This error is confessed by appellee, and the decree below should be modified in that regard. In all other respects we think it is right. It will be reversed, however, and the cause remanded to the circuit court, with directions to correct the error indicated and proceed with the partition in conformity with the rights of the parties herein indicated and as provided by statute. Each party will be taxed his own costs in this court.                    *Reversed and remanded.*