# Samuel Hazle and Peter Schnur v. Theresa A. Bondy and Frederick Bondy.

1. DEEDS—*Effect of Return of, to Grantor's Custody Without Recording.*—The return after its delivery of an unrecorded deed does not divest the grantee of the title to the land described therein so as to prevent him from making a conveyance thereof and the title to such land is effectually passed by deeds from him.

2. PROMISSORY NOTES—*Adjustment of Amount Due on, in Equity.*— If, by the conduct of the holders of notes secured by trust deed, matters have become complicated, so that the amount due upon the notes is uncertain, they have the right to call upon a court of equity to adjust the equities.

3. NOTICE—*Taking Security for Release is Notice of the Effect of.*— Taking a deposit as security against loss by a release is notice of the effect the release may have upon parties affected by it.

4. DECREES—*In Accordance With the Facts Approved.*—The court reviews the evidence and finds that the decree follows the proofs and is right in all its parts.

**Bill for Relief,** from an incumbrance. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Mr. Justice WATERMAN dissenting. Opinion filed May 24, 1897.

DANIEL J. McMAHON and JAMES R. WARD, attorneys for appellant Samuel Hazle.

WM. S. YOUNG and JOHN REID McFEE, attorneys for appellant Peter Schnur.

HENRY D. BEAM and EDWARD D. COOKE, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellants are here upon separate appeals, but on one record, and with no community of interest. The appellees are husband and wife, identified in interest.

It will not be necessary to state the voluminous pleadings or evidence, but only the material facts, as we hold them to be. In doing this, we are greatly embarrassed by the fact

that the abstract—nearly one hundred pages—is unindexed, and that the briefs of the respective appellants are very little help in finding where in the abstract or record the proof of any fact stated can be found.

In preparing such documents attorneys should "put yourself in his place" and consider how best they can help a stranger to the case to a knowledge of it.

April 10, 1893, Mrs. Bondy was seized of two lots, numbers 20 and 21, each with a north front of fifty feet on Roscoe street; twenty adjoined twenty-one on the west. The appellees then executed two trust deeds, one conveying one, and the other the other of the lots to Adolph Loeb, each to secure the payment of a promissory note made by them to their own order, and by them indorsed, each for the sum of $2,000, payable three years thereafter with six per cent interest.

April 6, 1894, they conveyed the whole 100 feet, subject to these incumbrances of $4,000, to William J. Haerther.

The deed was delivered to him, but never recorded. In a short time he brought it back, and it was destroyed by mutual consent of Haerther and Frederick Bondy, and the appellees made new deeds—dated back, one to April 5, 1894, purporting to convey the east seventeen feet of lot 20, and the west sixteen feet of lot 21 to Bertha Harder; two dated back to March 17, 1894, one purporting to convey the east thirty-four feet of lot 20, and the other purporting to convey the west thirty-three feet of lot 21 to Haerther.

It will be readily seen that by these three deeds the west sixteen feet of lot 20 and the east seventeen feet of lot 21 were not mentioned at all, while the east seventeen feet of lot 20 and the west sixteen feet of lot 21 were twice included in the deeds so made. This mistake occurred by putting the wrong number of the lot in each of the last mentioned deeds. By mistake, or fraud of Haerther, these three deeds said nothing about the incumbrances.

Before the deed to Bertha Harder was delivered to her, the premises therein described were released to the appellee Theresa, from the trust deeds by Adolph Loeb, under

authority from the then holder of the notes, upon a deposit by Haerther with Loeb's bank of $1,500, to remain without interest until the incumbrances were paid, " as security on account of released deed."

November 5, 1894, the appellees executed and delivered to Haerther a quit-claim deed purporting to convey to him the west thirty-three feet of lot 20 and the east thirty-four feet of lot 21, subject to the incumbrances of the trust deeds.

After the notes were due, Hazel bought them from the holder through the Loeb bank, paying in cash the amount due upon them in excess of the deposit, i. e., $3,105.50 unpaid interest having accrued.

Hazle acted by an agent, assisted by J. R. Ward, the then owner of the west thirty-three feet of lot 20, and as part of the same transaction Adolph Loeb released to Ward the trust deed as to those thirty-three feet.

April 17, 1896, Hazle entered judgment upon the notes and issued executions which remain wholly unsatisfied.

The present owners of the two lots derive their title from Haerther.   In fact, such owners have no title at law to the west sixteen feet of lot 20 and the east seventeen feet of lot 21, except through the first deed of April 6, 1894, of the appellees to Haerther, which conveyed the property subject to the incumbrances.   That deed carried to Haerther the title which effectually passed by deeds from him under which the present owners hold.   Gillespie v. Gillespie, 159 Ill. 84.

No part of the lots 20 and 21 is now subject to sale under an execution upon the judgments against the appellees, for they had parted with all title long before the judgments.

But if by the conduct of the holders of the notes, either directly or through authorized agents, matters have become complicated, so that the amount due upon the notes is uncertain, they have the right to call upon a court of equity to adjust the equities.

Under these facts the appellant Schnur, who is the owner of the east thirty-four feet of lot 21, filed a bill, the object of which is to discharge his property from the incumbrance.

The appellees filed a cross-bill to cut down the amount

to be paid to Hazle, and for general relief. All parties in interest were before the court on appropriate pleadings, and the decree was that by the releases the incumbrances were extinguished as to the Harder and Ward premises, but remained a lien upon the east seventeen feet of Schnur's. That the amount Hazle was entitled to was $1,742.73. That the appellees have leave to pay that sum in full satisfaction of Hazle, and should be reimbursed by the proceeds of a sale of that seventeen feet.

In our judgment that decree is right in all its parts—no errors in computation being alleged.

Hazle, buying the notes after maturity, took them subject to all equities of the appellees.

Taking the deposit by Haerther of $1,500 as security—another name for indemnity—was notice of the effect that release might have upon parties who might be affected by it. Young v. Marshall, 8 Bing. 43, 21 E. C. L. 437.

Hazle used that deposit as so much of the purchase money when he bought the notes, and it was by his concurrence that the release to Ward was given. Hazle has, therefore, nothing to complain of. Schnur has no real title to his thirty-four feet, and no apparent title to the east seventeen feet of that thirty-four feet, except through deeds subject to the incumbrances.

The decree is affirmed.

MR. JUSTICE WATERMAN dissents.