# APRIL TERM, 1904.

## TABOR v. TABOR.

1. WITNESSES — MATTERS WITHIN KNOWLEDGE OF DECEDENT — OPPOSITE PARTY.

Complainant, as heir of his father, filed a bill against his step-mother and her daughter, a half-sister of complainant, to compel the mother to execute a second deed of real estate; a former deed having been executed and delivered to her husband, and at her instance destroyed about the time of, but before, his death. On objection that complainant was not a competent witness under 3 Comp. Laws, § 10212, prohibiting the *opposite* party, in a suit prosecuted or defended by the heirs, assigns, or personal representatives of a deceased person, from testifying to matters which, if true, must have been equally within the knowledge of the deceased, *held:*

(1) That complainant was not the *opposite* party, and the statute was not applicable; following *Pendill* v. *Neuberger*, 64 Mich. 220.

(2) That, although the daughter was an heir, her interest lay with complainant, and, as to her, complainant was not an *opposite* party.

(3) That, although in fact the mother was executrix of the estate, the suit was not defended by the personal representative of a deceased person, as she was defendant in her individual capacity, and not as executrix.

(4) That the claim, made on appeal, that the effect of the destruction of the deed was to revest the title in the mother, and thereby constitute her an assignee of a deceased person, was a claim arising from evidence introduced subsequently to that of complainant, and not sufficient to justify the claim, and could not disqualify a witness qualified at the time his testimony was given.

2. DEEDS—DELIVERY—CONDITIONS.

Evidence that a deed executed by a wife to her husband was in the custody of the grantee during his lifetime, and that, by the grantor's consent, he claimed to be, and handled the property as, the owner, is sufficient to establish a valid de-

livery, notwithstanding it further appears that it was agreed that the deed should not be recorded unless the wife should die first, and that, if the husband should die first, the deed should be destroyed and the title revert to the grantor. *Dyer v. Skadan*, 128 Mich. 348, followed.

3. SAME—SURRENDER AND DESTRUCTION—STATUTE OF FRAUDS.

Where, on the delivery by a wife to her husband of a deed of her real estate, it was agreed that it should not be recorded, and, if the husband should die first, it should be destroyed and the title revest in the grantor, the surrender of the deed to the wife with intent to revest the title, the survival of the wife, and the subsequent destruction of the deed, did not effect a reconveyance, since, under the statute of frauds (3 Comp. Laws, § 9509), an interest in lands can only be transferred by a deed or conveyance in writing.

Appeal from Oakland; Smith, J. Submitted October 21, 1903. (Docket No. 60.) Decided April 5, 1904.

Bill by William J. Tabor against Mary C. Tabor, Mayme A. Tabor, and others to restore a destroyed deed. From a decree for complainant, defendant Mary C. Tabor appeals. Affirmed.

*Perry & Stockwell* and *James H. Lynch*, for complainant.

*Patterson & Patterson*, for appellant.

CARPENTER, J. Complainant is the son of Moses K. Tabor, deceased. The first-named defendant is the step-mother of complainant, and the widow of said Moses. The second-named defendant is a daughter of the first, and a half-sister to complainant. Said defendant Mary C. Tabor executed a deed of certain property to Moses K. Tabor in his lifetime. About the time of the death of Moses K. Tabor, this deed was destroyed by defendant Mayme A. Tabor at the instance of defendant Mary. This suit is brought to compel defendant Mary to execute a second deed which gives to complainant the rights which he would, as heir, have acquired under the destroyed deed.

A decree was rendered for complainant in the court below. Defendants appeal to this court. The disputed issues relate to the delivery of said deed, the description of the property therein, and the effect of its destruction. Complainant's case depends, however, largely upon his own testimony, and the first question to be determined is his competency to testify.

It is contended by defendants that complainant was an incompetent witness under that portion of section 10212, 3 Comp. Laws, which reads as follows:

"When a suit or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person, the opposite party, if examined as a witness on his own behalf, shall not be admitted to testify at all to matters which, if true, must have been equally within the knowledge of such deceased person."

Complainant is prosecuting this suit, as the heir of the deceased, to procure a conveyance from the first-named defendant. The statute prevents the party opposed to the heir from testifying, which in this case would be the stepmother, but it does not exclude the testimony of the heir. See *Pendill* v. *Neuberger*, 64 Mich. 220 (31 N. W. 177). It is true that defendant Mayme A. Tabor is an heir, but, as an heir, her interest lies with complainant. As an heir, complainant is not an opposite party to her.

It is suggested that complainant cannot testify because defendant Mary C. Tabor is in fact the executrix of the estate, and therefore the suit is defended by the personal representative of a deceased person. The fact is, however, that she is defendant in her individual capacity, and not as executrix. Indeed, it would be for the interest of the estate, and her as executrix, to have complainant's position maintained.

On this appeal, defendants' counsel maintain that the effect of the destruction of the deed was to revest the title in the defendant Mary. If this had been the issue tried in the court below, there would be force in the contention

that she was one of the assignees of a deceased person, and therefore complainant, as an opposite party, could not testify. But, when complainant testified, defendants made no such claim. The issue made by the pleadings relates to the delivery of the deed, and this was the point in dispute when this testimony was introduced. The claim that the title was revested in the defendant Mary by the destruction arose from evidence subsequently introduced, and that evidence, as we shall hereafter show, did not justify the claim. We cannot hold that an unfounded claim of this character, not raised by the pleadings, and not raised in any manner until after the testimony is introduced, disqualifies a witness otherwise qualified.

Was the deed delivered? We think the evidence clearly establishes that the deed was in the custody of the decedent, Moses, and that, by the consent of the grantor, defendant Mary, he claimed to be, and handled the property as, the owner. The evidence convinces us that, when the deed was delivered, it was agreed that it should not be presently recorded; that, if defendant Mary died first, it should then be recorded; that if the deceased, Moses, died first, the deed should be destroyed, and the title revert to defendant Mary. We are bound to say that this agreement in no way impaired the validity of the delivery. See *Dawson* v. *Hall*, 2 Mich. 390; *Dyer* v. *Skadan*, 128 Mich. 348 (87 N. W. 277, 92 Am. St. Rep. 461).

It is contended that the surrender of the deed with intent to revest the title, and its subsequent destruction, were in effect a reconveyance. See *Gillespie* v. *Gillespie*, 159 Ill. 84 (42 N. E. 305); *Happ* v. *Happ*, 156 Ill. 183 (41 N. E. 39). This claim is inconsistent with the construction this court has placed upon the statute requiring a writing to transfer an interest in land. See *Hayes* v. *Livingston*, 34 Mich. 384 (22 Am. Rep. 533); *Nims* v. *Sherman*, 43 Mich. 45 (4 N. W. 434); *Gugins* v. *Van Gorder*, 10 Mich. 523 (82 Am. Dec. 55); and *Stevens* v. *City of Muskegon*, 111 Mich., at page 83 (69 N. W. 227,

36 L. R. A. 777), and the cases there cited. Moreover, the doctrine relied upon, if sound, is inapplicable to this case. There is no evidence that the deed was surrendered by the grantee with intent to revest the title, or that it was destroyed by his direction. It is true, he had agreed that the deed might be destroyed after he died. This did not authorize its destruction before his death, and the evidence proves that it was destroyed before that event occurred.

It is contended that the evidence does not prove that the deed described the property in suit, and covered by the decree. We think it a sufficient answer to this contention to say that it does prove that fact.

We do not think that the record raises any other question which demands discussion. The decree of the court below is therefore affirmed.

The other Justices concurred.