## POTTER PALMER
### V.
## ADOLPH GOLDSMITH.

1. ACTION FOR A TORT—ENTRIES AS EVIDENCE.—Appellee sued appellant in an action on the case to recover of the latter as bailee the value of a package of jewelry sent to the latter's hotel to be delivered to appellee's traveling agent. For the purpose of proving the different articles, prices, etc., appellee introduced in evidence what was said to be a copy of an original memorandum book kept by him. *Held*, that even if the original entries themselves, which were matters between appellee and his traveling agent, had been introduced, they would have been inadmissible, since this action was for a tort, and account books of a party are inadmissible to prove any matter collateral to the issue of debt and credit between the parties.

2. SECONDARY EVIDENCE—DESTROYING THE HIGHER EVIDENCE — Where a party deliberately and voluntarily destroys the higher written evidence he must give affirmative evidence affording an explanation of the act, showing that it was done with pure motives and repelling every suspicion of a fraudulent design, before he can have the benefit of secondary evidence.

Palmer v. Goldsmith.

Appeal from the Superior Court of Cook county; the Hon. Rollin S. Williamson, Judge, presiding. Opinion filed November 11, 1884.

Mr. J. S. Huey, for appellant.

Messrs. Moses & Newman, for appellee.

McAllister, J. This was an action on the case by Goldsmith against Palmer to recover of the latter as bailee, the value of a package of jewelry, which, it was alleged, he had received of the plaintiff as such bailee, but had converted the same to his own use, or lost it through negligence. On the trial under the general issue, the plaintiff gave testimony tending to show that he, being a jeweler in the city of New York, and defendant the proprietor of a hotel in Chicago, March 24, 1881, sent from New York by express, a package of jewelry to be carried to Chicago, and there to be delivered into the keeping of defendant, at his hotel, for one A. Lilienthal, a traveling salesman of plaintiff; that said package was so delivered into defendant's care March 26, 1881; that soon thereafter said Lilienthal became a guest at said hotel, but that the package was never delivered to him. The defendant introduced evidence tending to show that said package was, on said 26th of March, delivered to Lilienthal, that he paid the express charges, which defendant had paid, and gave his receipt for the package.

For the purpose of proving the different articles, quantity and price of each, comprising said package, the plaintiff offered in evidence what was said to be a copy of an original memorandum book kept by him, in which said several matters were set down, and to lay the foundation therefor, gave evidence tending to show that at the time of putting up said package he had a memorandum book in which was written a list of the articles, the quantity of each, the price and the running number of each article so packed; that at the time after the controversy had arisen between him and defendant about the alleged loss of said package, after Lilienthal had corre-

sponded with said defendant about such loss and after Lilienthal had returned to New York from the trip, for whose purposes said package had been sent to him at Chicago, the said copy of book offered in evidence was prepared by a clerk in plaintiff's store in New York, and by Lilienthal by copying, as they said, from such original memorandum book, and that being done, the original was voluntarily destroyed. Such being the foundation laid for the secondary evidence of the contents of said original book of entries, the court below, against objection of defendant, admitted said copy in evidence. To which exception was taken. There was a finding and judgment for plaintiff for four hundred and ninety-six dollars, to reverse which defendant brings the case to this court.

Even if it be assumed that the original memorandum book would have been competent evidence as against this defendant, we are of opinion that there was no sufficient foundation shown for the admission of the copy as secondary evidence. Where a party has deliberately and voluntarily destroyed the higher written evidence, he must give affirmative evidence affording an explanation of the act, showing that it was done with pure motives, and repelling every suspicion of a fraudulent design, before he can have the benefit of secondary evidence. Blade v. Nolan, 12 Wend. 173; Tobin v. Shaw, 45 Maine, 331.

The circumstances under which the original book was destroyed, are sufficient to create a well founded suspicion of a fraudulent design, for the alleged copy was evidently prepared with reference to the claim for the loss of the package in question.

The original entries were matters solely between the plaintiff and Lilienthal, with which the defendant had no connection or concern. There was no issue of debt or credit between the parties to this suit. The action was not upon an account, but for a tort. That being the case, the original book itself, if it had been offered, would have been inadmissible as evidence against the defendant. The rule seems to be well settled, that account books of a party are inadmissible to prove any matter collateral to the issue of debt and credit between

the parties. Batchelder v. Sanborn, 22 New Hamp. 325; Gage v. McIlavain, 1 Strobh. 135; Lonergan v. Whitehead, 10 Watts. 240; Winsor v. Dillaway, 4 Met. (Mass.) 221; Bustin v. Rogers, 11 Cush. 346; Jones v. Brick, 3 Halsted, 332; Tenbroke v. Johnson, Coxe, N. J. 334.

For the error in admitting the book in evidence, the judgment will be reversed and the cause remanded.

                                            Judgment reversed.