## GIBBS ET AL. *v.* POTTER.

[No. 20,789. Filed May 16, 1906.]

1. PLEADING.—*Complaint.*—*Quieting Title.*—A complaint alleging that plaintiff is the owner of the real estate in controversy and that defendants are claiming an interest therein adverse to the title of plaintiff, is sufficient as a complaint to quiet title. p. 473.

2. DEEDS.—*Subsequent Alterations.*—*Effect.*—The aleration or destruction of a deed subsequent to its execution does not divest the original grantee's title, even though altered or destroyed with such grantee's consent. p. 474.

3. REFORMATION OF INSTRUMENTS. — *Deeds.* — *Alterations.* — A complaint alleging that a deed to certain lands was executed to plaintiff; that afterwards, with the consent of the grantors and the notary, plaintiff caused her name to be erased and defendant's to be inserted; that such deed was thereafter retained by plaintiff; that plaintiff is the owner of such land; that defendants are claiming title, and praying a reformation of such deed and to quiet title, shows title in the plaintiff and is sufficient. p. 474.

4. TRIAL.—*Quieting Title.*—*General Denial.*—*Defenses Provable under.*—Under §1067 Burns 1901, §1055 R. S. 1881, defendant in a suit to quiet title may prove every defense, legal or equitable, which he may have, under an answer of general denial. p. 475.

5. GUARDIAN AND WARD.—*Ad Litem.*—*Powers of Courts.*—Courts, inherently, and by virtue of §2684 Burns 1901, §2520 R. S. 1881, have power to appoint a guardian *ad litem* for an infant for the protection of its rights; and such guardian has no right to prosecute suits on behalf of such infant in the absence of a statute or an order of appointment conferring such power. p. 475.

6. EVIDENCE. — *Oral.*—*Deeds.*—*Grantees.*—*Alterations.*—*Original Grantee.*—In a suit to reform a deed, oral evidence is admissible to show who was the original grantee therein, where such grantee, with the assent of the grantors and the notary, caused her name to be erased and defendant's to be inserted, the purpose being to make a beneficial grant to defendant, and no fraud being shown. *Wilson* v. *Cassidy,* 2 Ind. 562; *Speer* v. *Speer,* 7 Ind. 178; *Thompson* v. *Thompson,* 9 Ind. 323, distinguished. p. 476.

7. APPEAL AND ERROR.—*Reformation.*—*Quieting Title.*—*Weighing Evidence.*—Where there is evidence showing that the plaintiff received a deed to certain land; that she caused her name as grantee to be erased and defendant's to be substituted; that she retained possession of such land and deed; that she made improvements, and the trial court decreed a reformation of such deed and quieted plaintiff's title, such decree will not be disturbed on appeal. p. 479.

From Randolph Circuit; *J. W. Macy,* Judge.

Suit by Mary Potter against Laura E. Potter Gibbs and others. From a decree for plaintiff, defendants appeal. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*B. F. Marsh* and *George H. Koons,* for appellants.

*Engle, Caldwell & Parry,* for appellee.

MONTGOMERY, J.—Appellee brought this suit to reform a deed by striking out the name of Laura E. Potter, appellant, as grantee, and inserting her own, and to quiet title to the real estate described in said deed. Appellant Sylvester Gibbs answered by general denial. Appellant Laura E. Potter Gibbs, having unsuccessfully demurred to the complaint, filed an answer in four paragraphs. The second, third and fourth paragraphs were stricken out, leaving the general denial on file. Appellant Laura E.

Potter Gibbs by guardian *ad litem* filed a cross-complaint to which appellee's, demurrer was sustained. Appellants jointly filed a cross-complaint in three paragraphs, to which appellee answered in general denial. A trial by the court resulted in a finding for appellee upon her complaint and against appellants upon their cross-complaint, and decree accordingly.

Laura E. Potter Gibbs has separately assigned as errors, the overruling of her demurrer to the complaint, striking out her affirmative answers, sustaining appellee's demurrer to her cross-complaint, and overruling her separate motion for a new trial. Appellants have jointly assigned as error the overruling of their motion for a new trial.

The complaint alleges that appellee is the owner of the real estate in controversy; that she derived her title by purchase and conveyance from Charles E. Barrett and wife on March 28, 1902; that Laura E. Potter Gibbs is her granddaughter, and that having conceived a purpose to give an estate during life in said real estate to said granddaughter she caused her own name to be erased from said deed, which had been completely executed but not recorded, and the name of her said granddaughter, then Laura E. Potter, to be written therein as grantee, with the consent of the grantors and the notary before whom the original execution thereof had been acknowledged; after which the deed as so changed was returned to appellee, in whose possession it has ever since remained; that said deed never was delivered to said Laura E. Potter Gibbs or to any one else for her, and that she was not a party to the purchase or conveyance of said real estate, and did not pay or promise any consideration therefor or for the change in the name of the grantee in said deed, which has never been filed for record or recorded; that after causing said change to be made, she determined not to make said gift, and does not desire now to make such gift, but desires to retain in her own name the title in and to said

real estate; that appellant Laura has since intermarried with her coäppellant, and having learned of the change in said deed appellants are claiming to be the owners of the real estate and asserting an interest therein adverse to appellee's title, etc.    Wherefore she asks that said deed be reformed and changed back as originally made, and that her title be quieted.    The complaint contains all averments essential in a suit to quiet title.    §1082 Burns 1901, §1070 R. S. 1881; *Dumont* v. *Dufore* (1866), 27 Ind. 263; *Gillett* v. *Carshaw* (1875), 50 Ind. 381; *Johnson* v. *Taylor* (1886), 106 Ind. 89; *Rausch* v. *Trustees, etc.* (1886), 107 Ind. 1; *Weaver* v. *Apple* (1897), 147 Ind. 304.

The complaint must be held sufficient as a suit to quiet title, unless the particular facts pleaded overthrow the general averments of title in appellee.    It is alleged that Barrett and wife duly executed a general warranty deed conveying the land to appellee, and that afterwards by consent of the parties the name of the grantee in said deed was altered.    It is well settled that the alteration or destruction of a deed subsequent to its full execution, although done by consent of the parties, will not divest the original grantee of title, or revest such title in the grantors.    *Rinker* v. *Sharp* (1839), 5 Blackf. 185; *Connelly* v. *Doe* (1846), 8 Blackf. 320; *Schaeffer* v. *Fithian* (1861), 17 Ind. 463, 469; *Old Nat. Bank* v. *Findley* (1892), 131 Ind. 225, 230; *Voiers* v. *Atkins Bros.* (1903), 113 La. 303, 36 South. 974; *Tabor* v. *Tabor* (1904), 136 Mich. 255, 99 N. W. 4; 9 Am. and Eng. Ency. Law (2d ed.), 163, and cases cited.

The averments respecting the alteration of the deed do not contradict the general allegation of title in appellee, and it follows that the complaint was good, and the court did not err in so holding.

This is a suit to quiet title, and all matters of defense were provable under the answer of general denial filed by

appellant Laura E. Potter Gibbs, and no error was committed in striking out the special answers. §1067 Burns 1901, §1055 R. S. 1881; *Mason* v. *Roll* (1892), 130 Ind. 260; *Watson* v. *Lecklider* (1897), 147 Ind. 395; *O'Donahue* v. *Creager* (1889), 117 Ind. 372.

Appellant Laura E. Potter Gibbs, by guardian *ad litem,* filed a cross-complaint in three paragraphs, to which appellee's demurrer for want of facts, and for want of legal capacity in the guardian *ad litem* to sue, was sustained. This action of the court is complained of as erroneous. Courts of justice as an incident of their jurisdiction have inherent power to appoint guardians *ad litem* to protect the interests of minor defendants in actions pending before them. This authority is also expressly conferred by §2684 Burns 1901, §2520 R. S. 1881, in the following terms: "All courts shall have power to appoint a guardian *ad litem,* to defend the interests of any minor impleaded in any suit, and to permit any person, as next friend, to prosecute any suit in any minor's behalf." It is further provided by §259 Burns 1901, §258 R. S. 1881: "An infant defendant shall appear and defend by guardian appointed by the court or chosen by such infant with the consent of the court." Courts are charged with the duty of protecting the rights of infants in controversies over which they acquire jurisdiction, and guardians *ad litem* serve as their agents in discharge of this duty. The extent of the authority of a guardian *ad litem* must be found in the statute authorizing his appointment and in the order of the court made in pursuance thereof. The statute above quoted imposes upon such guardian the duty to defend and not to prosecute suits on behalf of a minor. The order of appointment in this case did not purport to enlarge the powers and duties prescribed by statute. The court having special charge of the whole matter, by his action, plainly did not consider the prosecution of an affirmative action within the power and duty of the

guardian *ad litem,* or he would doubtless have overruled appellee's demurrer to this cross-complaint. A minor is not required to prosecute causes of action while under the disability of infancy, nor is a guardian *ad litem* authorized by the statutes of this State to do so for him. The demurrer was rightly sustained to each paragraph of said cross-complaint.

It is finally contended that there was error in overruling appellant's motion for a new trial. The grounds of the motion are that the court erred in admitting certain oral testimony, and that the decision is not sustained by sufficient evidence and is contrary to law.

6.

It appears from the testimony of appellee, Mary Potter, that she bought the land in controversy and intended to give a life estate therein to her granddaughter Laura E. Potter, and the remainder in fee to her children, if any. She sent her son Henry to complete the purchase with directions to have the deed so made as to effect her intended gift. The officiating notary public advised Henry that the deed could not be legally made as requested, and the conveyance was made to appellee. Henry delivered the deed to his mother and explained the reason for his failure to obey her instructions. She accepted and retained the deed for several months, and, still desiring to carry out her original purpose, again sent her son to the grantors, and with their consent caused the notary to erase the name "Mary" and to insert instead "Laura E.," so as to make the grantee in the deed as altered read Laura E. Potter, in place of Mary Potter. The deed as altered was returned to appellee, and by her retained until the trial of this cause.

Appellants made seasonable and appropriate objection to evidence offered by appellee to prove the name of the grantee originally written in the deed, and the particulars in which it had been subsequently changed. Appellants' chief contention in support of their motion for a new trial

is, that inasmuch as appellee voluntarily caused the deed containing her name as grantee to be altered as above shown, she should be estopped from giving parol or secondary evidence of the contents of the deed before such alteration.

Appellants cite in support of their position *Wilson* v. *Cassidy* (1851), 2 Ind. 562; *Speer* v. *Speer* (1855), 7 Ind. 178, 63 Am. Dec. 418; *Thompson* v. *Thompson* (1857), 9 Ind. 323. In the first case cited there was evidence that the deed was destroyed to defeat the collection of a threatened judgment, and the court stated that a voluntary surrender of a deed for destruction by the grantee for a fraudulent purpose would estop him and his heir from proving its contents by parol. However, the decision in that case was rested upon the sole ground that a delivery of the deed was not proved. In the case of *Speer* v. *Speer, supra,* the deed relied upon was destroyed without the consent of the grantee, and what was said as to the rule of evidence in a supposable case was not necessary to the decision, and accordingly not of binding force. In the case of *Thompson* v. *Thompson, supra,* the circumstances under which the alleged deed was lost or destroyed are not shown, but some doubt is cast upon the question whether the deed was in fact executed as claimed. In the absence of a satisfactory showing that a genuine deed was regularly executed and that its destruction or loss was not brought about by sinister motives we should not feel inclined to sanction the hearing of secondary evidence from the one chargeable with the care and production of the original.

The rule upon which appellants rely is a wholesome and salutary one, but its application must in great measure depend upon the circumstances of the particular case. Its only aim is to promote the ends of justice by guarding against fraud and imposition, and it should not be so used as to defeat the sole purpose of its creation. In a case where a writing has been innocently altered or destroyed

and there is no suspicion of an evil motive, and no doubt of the proof of its contents, there can be no danger from the admission of secondary evidence, and no reason for a rule excluding such evidence although the alteration or destruction was voluntary.

In the case of *Rudolph* v. *Lane* (1877), 57 Ind. 115, 118, this court said: "Our understanding of the rule of evidence on this point is this, that where a party purposely, and apparently with a fraudulent design, destroys a writing, he will not be permitted to give parol evidence of its contents, without first introducing evidence to rebut the suspicion of fraud arising from his act." Citing, *Joannes* v. *Bennett* (1862), 5 Allen 169, 81 Am. Dec. 738; *Blade* v. *Noland* (1834), 12 Wend. *173, 27 Am. Dec. 126; *Riggs* v. *Tayloe* (1824), 9 Wheat. 483, 6 L. Ed. 140.

In the case of *Old Nat. Bank* v. *Findley, supra,* the court in discussing this subject said: "We should be strongly inclined to hold, if a judgment upon the point were required, that in a case such as this, where there is no evidence of wrong or evil design, and the act could not benefit the party, the voluntary destruction of a deed does not preclude the party from giving parol evidence of its contents." See, also, *Schlemmer* v. *Schendorf* (1898), 20 Ind. App. 447; *Baldwin* v. *Threlkeld* (1893), 8 Ind. App. 312.

In the case at bar the alteration of the deed was not made to benefit appellee, but against her interests. It was not prompted by an evil design, but by generous and kindly impulses, and there can be no possible doubt of the particular terms of the deed before the alteration was made. The rule invoked by appellants is not applicable in this case, and no error was committed in admitting the parol testimony to which objection was made. *Bagley* v. *Eaton* (1858), 10 Cal. 126; *Bank of the United States* v. *Sill* (1823), 5 Conn. 106; *Murphy* v. *Olberding* (1899), 107 Iowa 547, 78 N. W. 205; *Shields* v. *Lewis* (1899), (Ky.),

49 S. W. 803; *Davis* v. *Teachout* (1901), 126 Mich. 135, 85 N. W. 475, 86 Am. St. 531; *Schroeder* v. *Michel* (1888), 98 Mo. 43, 11 S. W. 314; *Wickoff* v. *Wickoff* (1863), 16 N. J. Eq. 401; *Tobin* v. *Shaw* (1858), 45 Me. 331, 71 Am. Dec. 547; *Steele* v. *Lord* (1877), 70 N. Y. 280, 26 Am. Rep. 602; *Dearing* v. *Pearson* (1894), 28 N. Y. Supp. 715; *Palmer* v. *Goldsmith* (1884), 15 Ill. App. 544; 17 Cyc. Law and Proc., 525, 526.

There was evidence tending to prove that the grantors, Barrett and wife, through whom both parties claim title, for a valuable consideration, conveyed the land in controversy to appellee; that she accepted the deed, went into possession under it, and made improvements upon the premises; that after the alteration of the deed was made she retained possession of the same, as well as possession of the land; and that appellant Laura E. Potter Gibbs at no time had possession of the deed or of the land. It is clear that we are not warranted in disturbing the judgment upon the weight of the evidence. No error was committed in denying appellants' application for a new trial.

The judgment is affirmed.