HAYES PUMP & PLANTER COMPANY, Appellant, v. F. E. SEARS et al., Appellees.

**DEEDS:** Passing of Title—Acceptance. An acceptance of a deed
1 by the grantee is as essential to the passing of title as the transfer of the deed.

**DEEDS:** Construction—When Title Passes—Delivery Before Alter-
2 ation of Name of Grantee. The title of the original grantee in a deed, delivered before the alteration of the name of the grantee, is not affected by such alteration.

**DEEDS:** Construction—Passing of Title—Evidence—Delivery.
3 Where a son had made a contract under which, for the transfer to him of certain real estate, he was to make a payment in cash, and deliver certain personal property, and it was thereafter agreed between him and his mother that she was to take the title to said land, in consideration of her making the necessary cash payment, and extinguishing a debt due to her from him, and, before the deed was delivered in which he was named as the grantee, an objection was made that it should be in her name as grantee, and thereupon, the name of the grantee therein was changed to her name, and thereafter, the deed was delivered and accepted, *held* that the mother took the title to the land, and that judgment creditors of the son acquired no liens on the land.

*Appeal from Van Buren District Court.*—SENECA CORNELL, Judge.

MARCH 11, 1919.

SUIT to subject certain land to the payment of three judgments resulted in the dismissal of the petition. The plaintiff appeals.—*Affirmed.*

*J. C. Calhoun,* for appellant.

*Ellsworth Rominger,* for appellees.

LADD, C. J.—A written contract was entered into by Lem. Toops and F. E. Sears, by the terms of which the former undertook to convey to the latter 209 acres of land, estimated to be worth $20,900, subject to a mortgage of $7,000. In consideration therefor, Sears undertook to transfer a garage building, a hardware building, five automobiles, fixtures, machinery, and tank, all of the estimated value of $12,890, and to pay $1,010 when deeds were to be exchanged. It was stipulated that "each party is to make their deeds and Sears his bill of sale, and deposit same in ten days from this date in the Citizens Bank, Milton, Iowa, for delivery by them on March 1, 1915." Toops signed and acknowledged a deed and deposited it in the Citizens Bank of Milton. Sears did likewise, and also deposited a bill of sale, which, with the deed, on the day named, was turned over to Toops. The bank then handed Sears the deed from Toops, when Sears stated that "this deed will have to be made out to my mother, because I am indebted to her, and she is furnishing the money here." Edmundson, the cashier, remarked that "Toops will have to signify whether he wants it to be or not." Toops indicated that he did not care what was done with the deed, and thereupon, Edmundson erased the "F" in the name of F. E. Sears as grantee, and inserted instead the name of "Jennie," the name of the mother. It appears without dispute that Sears was, at that time, indebted to his mother in the sum of $4,235, and that they

had agreed that she should assume the mortgage on the premises, pay Toops the $1,010 difference, and take over the property in satisfaction of this indebtedness. Thereafter, on November 18, 1916, this action was begun, to subject the property or some interest therein to the payment of the three judgments against F. E. Sears, one for $263.80, another for $42.16, and a third for $33.35. The indebtedness on which each judgment was rendered accrued long prior to the execution of the contract or deed.

The controversy turns on whether the deed from Toops to F. E. Sears was delivered to the latter before the erasure, or the delivery of the deed was made after the erasure of his first initial and the insertion of the name of his mother, "Jennie." The contract did not exact that the delivery of the deeds was to be made to the bank for the grantees named therein, but merely required that they be deposited with it "for delivery by them on March 1, 1915." It is quite immaterial whether the words "by them on March 1, 1915," be construed to refer to the parties to the contract or to the bank. In either event, the delivery was not to be to the bank, but the instruments were to be left there for delivery by the bank or the parties; and the numerous citations with reference to delivery to a third person, authorized to receive the instruments, are not in point. The delivery was undertaken by the bank, and the evidence plainly shows, without contradiction, that it was not accepted in the form tendered. That an acceptance is quite as essential to the passing of title as the transfer of a deed, appears from numerous decisions. See *Sheehy v. Scott*, 128 Iowa 551; *Saunders v. King*, 119 Iowa 291; *Richardson v. Grays*, 85 Iowa 149. The evidence that, when the cashier of the bank un-

1. DEEDS: passing of title: acceptance.

dertook to deliver the deed to F. E. Sears,

**2. DEEDS: construction: when title passes: delivery before alteration of name of grantee.** he refused to accept it, was undisputed; and only after the insertion of the name "Jennie" as grantee was there an acceptance of the deed, and the delivery completed.

The record is without evidence of collusion, especially on the part of grantee. She was affirmatively shown not to have participated in the transfer in any manner other than by entering into an agreement with F. E. Sears to furnish the necessary money to consummate the deal, and to take the land, subject to the $7,000 mortgage, in satisfaction of an indebtedness of $4,235, in addition to the money furnished to make the cash payment to Toops. We are of opinion that she thereby acquired complete title to the land, and F. E. Sears retained no interest therein. The trouble with appellant's argument is that it assumes that the deed was to be delivered to the bank, when the language of the contract does not warrant such an inference. Of course, if the deed had been delivered prior

**3. DEEDS: construction: passing of title: evidence: delivery.** to its alteration, the title, as it would have been in F. E. Sears, might not have been affected thereby. See *Abbott v. Abbott,* 189 Ill. 488; *Gulf R. C. Lbr. Co. v. O'Neal,* 131 Ala. 117 (90 Am. St. 22); *Burgess & Co. v. Blake,* 128 Ala. 105 (86 Am. St. 78); *Gibbs v. Potter,* 166 Ind. 471 (77 N. E. 942). But, as clearly appears, delivery was never effected to F. E. Sears, and therefore the rule of these cases cited has no application. We are of opinion that the court rightly decided that title to the land passed to Jennie E. Sears, and its decree dismissing plaintiff's petition is— *Affirmed.*

EVANS, PRESTON, and SALINGER, JJ., concur.