SHEEHAN CONSTRUCTION COMPANY *v.* KUHN.

[No. 9,789. Filed June 6, 1919.]

1. APPEAL.—*Review.—Harmless Error.—Sustaining Demurrer.—*. In an action to quiet title, error cannot be predicated on the action of the trial court in sustaining a demurrer to a paragraph of answer where a general denial has been filed, since by §1101

Burns 1914, §1055 R. S. 1881, all defenses, legal or equitable, in actions to quiet title, may be made under the general denial, so that the trial court's ruling was harmless. p. 461.

2. APPEAL.—*Presenting Questions for Review.—Conclusions of Law.—Necessity of Exceptions.*—It was not error for the trial court to overrule a motion to modify the conclusions of law, since there is no rule of practice authorizing such a motion, the appropriate remedy being by exceptions to the conclusions. p. 461.

3. APPEAL.—*Review.—Ruling on Motion to Modify Judgment.—Findings.—Failure to Challenge.*—In an action to quiet title, defendant's motion to modify the judgment by decreeing it entitled to an improvement lien on the land in controversy was properly overruled, where there was no motion for a new trial, so that the findings of the trial court must be taken as full, true and complete, and no finding was made which would have warranted the court in rendering the decree sought by defendant. p. 462.

From Marion Superior Court (94,929); *W. W. Thornton,* Judge.

Action by August M. Kuhn against the Sheehan Construction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Walker & Hollett* and *Ralph E. Jones,* for appellant.

*David F. Smith, Samuel D. Miller, Frank C. Dailey* and *William H. Thompson,* for appellee.

ENLOE, J.—Action to quiet title to certain real estate, brought by appellee against appellant. The complaint was in twelve paragraphs, to which appellant answered in two paragraphs: (1) General denial; and (2) setting forth facts claimed to be sufficient to show title in itself. Appellant also filed cross-complaint, wherein it asked to have its title quieted as against appellee.

Appellee demurred to appellant's second paragraph of answer, and also filed answer in general denial to appellant's cross-complaint. The demurrer of appellee to said paragraph of answer was sustained.

The cause was submitted to the court, which upon due request found the facts specially, and stated its conclusions of law thereon, favorable to the appellee, and judgment was rendered accordingly.

The errors assigned are: (1) Error in sustaining demurrer to appellant's second paragraph of answer; (2) error in overruling appellant's motion to modify and restate conclusions of law numbered 1, 3 and 4; (3) error in overruling appellant's motion to modify judgment; (4) error in conclusion of law No. 3; (5) error in conclusion of law No. 4.

Since by our statute (§1101 Burns 1914, §1055 R. S. 1881) all defenses, legal or equitable, in actions of this character, may be made under the answer of general denial, error cannot be predicated on the action of the court in sustaining the demurrer to the second paragraph of appellant's answer, since such action of the court was harmless. *Gibbs* v. *Potter* (1906), 166 Ind. 471, 77 N. E. 942, 9 Ann. Cas. 481.

The second assigned error challenges the action of the court in overruling appellant's motion to modify and restate the court's first, third and fourth conclusions of law.

In case of *Radabaugh* v. *Silvers* (1893), 135 Ind. 605, 35 N. E. 694, the court said: "There was no error in overruling the motion to modify the conclusions of law. We know of no rule of practice authorizing such a motion. * * * The appropriate remedy is by excepting to the conclusions of law, and not by a motion to modify. Otherwise the statute could be practically nullified, which requires the exception to such conclusions to be taken at the time."

Appellant next complains of the action of the court

in overruling its motion to modify the judgment theretofore rendered herein, by adjudging and decreeing that the appellant, Sheehan Construction Company, had and held a lien upon the lands in question, to the extent and value of certain alleged improvement liens, acquired by it as holder of the assessment roll adopted and approved by the board of public works of the city of Indianapolis on June 24, 1905.

There was no error in this ruling. Our statute (§308f Burns 1914, Acts 1909 p. 334, §6) provides: "The lien for all assessments for streets, sewers, sidewalks, ditches, and other public improvements shall cease and expire five years from the time the same and the several installments thereof are due and payable, as shown by the record creating and evidencing such lien."

There was no motion for a new trial, and therefore, for the purposes of this case, the findings of the trial court must be taken as full, true, and complete, and there is no finding which would have warranted the court, under the provisions of the above statute, in rendering such a decree as the one requested by appellant.

The record in this case discloses that the appellant did not except to the court's fourth conclusion of law—that the appellee, August M. Kuhn, was entitled to a decree of the court quieting his title as against all the defendants to his complaint, including Sheehan Construction Company, to certain lots therein set forth and described.

None of the assigned errors are well taken, and the decree of the Marion Superior Court is therefore affirmed.

Decree affirmed.