ENEFF v. SCOTT et al.

No. 16595—Opinion Filed Sept. 14, 1926.

Rehearing Denied Oct. 26, 1926.

1. **Deeds—Partial Validity—Effect of Unauthorized Insertion of One Part Owner as Party Grantor.**

Where S., D., and W. each own an undivided one-third interest in real property, and S. and D. convey their interests to P. by deed duly executed, acknowledged, and delivered, the addition of W.'s name and purported acknowledgment to the same deed as grantor, purporting to convey her one-third interest to P., although W.'s name was signed to the deed without her knowledge or consent, will not operate to avoid the deed as to the interests of S. and D., or to divest P. of title to the interests of S. and D.

2. **Acknowledgment—Evidence to Impeach Certificate.**

Evidence to impeach a certificate of acknowledgment should be clear, cogent, and convincing, and such as produces a conviction amounting to a moral certainty that the certificate is false. The general rule is, that the unsupported and uncorroborated testimony of the grantor is not sufficient to overcome a certificate regular on its face, especially where the certificate is supported by the testimony of the officer who took the acknowledgment.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by George Scott, Annie Dick, and Jennetta Willie against Mike Eneff. Judg-

ment for plaintiffs, and defendant appeals. Reversed, with directions.

Shell S. Bassett, for plaintiff in error.

McDougal, Allen & Pryor, for defendants in error.

Opinion by RUTH, C. This action was originally filed in the district court of Creek county, Okla., by George Scott, Annie Dick, and Jennetta Willie, against J. Truman Nixon. Nixon, however, disclaimed any interest in the matter, and moved that Mike Eneff be made defendant, and thereupon the cause was dismissed as to Nixon and it proceeded in the name of the plaintiffs and against Eneff.

The petition of the plaintiffs sets forth they are the equitable owners of and entitled to the immediate possession of certain lands in Creek county, by reason of the fact that the said lands constituted the allotment of Parney Jack, who was. a full-blood member of the Creek Tribe of Indians, and that certain of the lands were allotted to Parney Jack as his surplus allotment. That Parney Jack departed this life on the 19th day of December, 1902, and left the petitioners as his sole and only heirs. Petition further alleges that Jennetta Willie is full sister of the said allottee, Parney Jack, and George Scott and Annie Dick are half-brother and half-sister of the said allottee. In their petition the plaintiffs pray for the reasonable rental value of the said lands since December 28, 1914, in the sum of $500 per year, and allege that the lands have a possible value for oil and gas mining prospects in the sum of $2,500. The petition, after alleging the execution of certain deeds by the plaintiffs to one A. H. Purdy, further alleges that George Scott and Annie Dick did on November 6, 1908, make, execute, and deliver to A. H. Purdy their certain deed to a portion of the lands described in the petition, and after alleging matters unnecessary to be here set forth, the plaintiffs allege that their said deed is void for the further reason that the said deed of November 6, 1908, is forged, altered, and changed, in that, since the execution thereof, the name of Jennetta Willie has been added and attached thereto by some person unknown, and that the name of Jennetta Willie or her mark was not placed there by the said Jennetta Willie, or by her knowledge or consent. The petition then describes the various conveyances through and by Purdy to the defendant, Eneff.

To this petition Eneff, who will hereafter be described as the defendant, filed his answer, wherein he deraigns title through the deed made by these plaintiffs on the ·6th day of November, 1908, to A. H. Purdy, and duly alleges that he paid a good and valuable consideration therefor, and that the deed of the plaintiffs to Purdy was duly approved by the county court of Creek county Okla., and that defendant became an owner of and went into possession of the land on December 28, 1914, and prays that title be quieted in him, the defendant, Eneff.

The cause was duly called for trial, and from statement of the counsel for the plaintiffs, the only question they raise is, that if Jennetta Willie's signature is forged, the entire instrument is void, and they state to the court that when they show that Jennetta Willie's signature is forged, that vitiates the entire contract. Upon hearing had, the trial court found that the signature purporting to be the signature of Jennetta Willie was not placed there by her, or with her knowledge or consent, and rendered judgment quieting title in the plaintiffs.

The defendant filed his motion for a new trial, and subsequently filed his supplemental motion for a new trial upon the grounds of newly discovered evidence, which motions were duly overruled by the court, and defendant duly perfected his appeal to this court on petition in error and case-made, and filed his six separate specifications of error, the first being that the trial court erred in overruling the demurrer of the plaintiff in error to the evidence of the plaintiffs below, defendants in error here, and in refusing to render judgment for the defendant at the close of all the evidence; and further, that the trial court erred in holding as a matter of law that the evidence in chief of the plaintiffs below was sufficient to overcome the presumption of Jennetta Willie's signature to the deed of November 6, 1908, and to the certificate of the notary public, who stated that the same had been signed and acknowledged by her freely and voluntarily in his presence, and that the trial court erred in overruling the motion and supplementary motion for a new trial filed by the plaintiff in error; and that the trial court erred in refusing to permit the plaintiff in error to introduce in evidence the deeds made by Jennetta Willie in which her name was spelled similarly to the deed of November 6, 1908, which deeds were duly certified by a notary public to have been executed by her in his presence. And that the trial court further erred in holding that the name of Jennetta Willie had been forged to the said deed of November 6, 1908, and further erred, as a matter of law, in holding that by reason of that signing the said deed was invalid as to the other

plaintiffs, Geo. Scott and Annie Dick, although the execution and delivery of the deed by them was admitted.

The defendants George Scott and Annie Dick not only admit in their petition the execution and delivery of the deed conveying their interests, but it is admitted in evidence that they received the consideration named in the deed for the conveyance of their interest. This being true, the instrument represented an executed contract, and not an executory one, and even though it were admitted that the name of Jennetta Willie was attached to the deed without her knowledge or consent, such alteration could not affect the material rights or interests of the other plaintiffs.

While this court has frequently been called to pass upon the effect of a material alteration of an executory contract, we know of no decision of this court upon this precise question.

32 L. R. A. (N. S.) note 1, p. 286, lays down the following general rule:

"The rule of law as established by the overwhelming weight of authority is that no alteration of a deed after it has once been delivered will have any effect upon the grantees title."

Many authorities are cited in support of the rule there announced. Thus, in Gulf Red Cedar Lumber Co. v. O'Neal, 131 Ala. 117, 90 Am. St. Rep. 22, 30 South. 466, it was declared to be the law in that state that an alteration in a deed after delivery, with or without the consent of the grantee, would not affect the title to the land conveyed by the deed. See Burgess v. Blake, 128 Ala. 105, 86 Am. St. Rep. 78, 28 South. 963.

In Gibbs v. Potter, 166 Ind. 471, 77 N. E. 942, 9 A. & E. Ann. Cas. 481, and in Stanley v. Epperson, 45 Tex. 644, it was declared to be well settled that the alteration of a deed after its delivery, though done by the consent of the parties, would not divest the original grantee of title, or reinvest such title in the grantor.

In Jackson ex dem. Collier v. Jacoby, 9 Cal. 125, it is held:

"A fraudulent, even a felonious, alteration of a deed would not divest the estate conveyed by it."

Alexander v. Hickox, 34 Mo. 496, 86 Am. Dec. 118, held:

"No subsequent alteration in a deed, by whomsoever made or with whatever purpose, could revest the grantor with title."

In 32 L. R. A. (N. S.) 287, note 2, it is said:

"It may be safely said to be a well-established rule of law, inasmuch as no decision can be found to throw any doubt upon it, that, while a material alteration of a deed after delivery may not affect it as an executed conveyance, it effectually destroys, on the part of the person responsible for the alteration, any subsequent rights arising to him."

One of the best and clearest statements of this rule of law is to be found in the note to Master v. Miller, 1 Smith Lead. Cas. (8th Am. Ed.) 1310:

"An alteration after execution made by one claiming a benefit under the deed, or by his privity, destroys the instrument as to him, and he can never sue upon it. * * * The instrument, as far as the wrongdoer is concerned, is from that time destroyed and extinguished; its past operation is not contracted; executed contracts evinced by it are not rescinded; the estate and titles vested by transmutation of possession, whether by common law or the statute of uses, are not divested; but no future benefit can be derived by that party from the deed, and no covenants, obligations, or other executory contracts, can be enforced by him through its instrument."

See, also, Robbins v. Magee, 76 Ind. 381; Waring v. Smyth, 2 Barb. Ch. (N. Y.) 119, 47 Am. Dec. 299; Herrick v. Malin, 22 Wend. (N. Y.) 388; Stewart v. Aston, 8 Ir. C. L. Rep. 35.

In the case last cited the court declared it to be beyond all doubt, that no alterations, even if made by the party offering the deed in evidence, could prevent its being received in evidence for the purpose of ascertaining the state in which it was when it was executed, and for the purpose of showing that it would pass an estate at the moment of its execution; and that while alterations after delivery would have the effect of avoiding the deed as to matter subsequent to the title given at its execution, yet they did not avoid the deed as to the title then given when it was in a perfect state. As to any subsequent rights, as to anything that accrued after the alteration, it is null and void from the moment it is altered.

Each of these plaintiffs claimed an undivided one-third interest in the land. George Scott and Annie Dick executed the deed, thereby intending to and did convey their interests in and to the lands to A. H. Purdy. They delivered the deed and received compensation therefor, and the contract became an executed one as to them, and whether Jennetta Willie ever conveyed her one-third interest was a matter of no importance or moment to them, and they cannot be heard to complain that Jennetta Willie did not sign

the deed, in the absence of any valid agreement that their act was not to pass title unless Jennetta Willie also signed the deed.

There being no claim of such an agreement or understanding, we are of opinion the court erred in rendering judgment quieting title to the lands in the plaintiffs George Scott and Annie Dick.

This brings us to the question of the authenticity of the signature of Jennetta Willie, who testifies positively she did not sign the deed, and the signature thereto attached is not her signature, and was placed on the deed without her knowledge or consent.

All the plaintiffs were Creek Indians, and George Scott and Annie Dick signed by "mark," and the notary, who was and is a reputable attorney of this bar, testified the deed is in his handwriting intoto, including the signatures and the words "his mark" and "her mark," and the words "Jennetta Willie," "her mark," being partially erased, and the name "Jeannetta Willie" inserted in another handwriting. The notary frankly states that as 16 years elapsed between the taking of the acknowledgment and the trial of the case, he is not quite clear as to the erasure, but testifies positively that the woman then in court, claiming to be Jennetta Willie, was the identical party who executed the deed and acknowledged the .ame in his presence, and he further testifies that he was present in the office of the grantee, Purdy, when Jennetta Willie had a conversation with Purdy relative to a balance claimed to be due.

Counsel for plaintiffs contend that Jennetta Willie's testimony that she did not sign the deed is corroborated by the testimony of George Scott, who stated he never was in Bristow on that date in company with Jennetta Willie, but he further testifies "they" told him the other parties had signed the deed before he signed the same, and as we understand the record, there is no contention that all parties executed the instrument at the same time, so his testimony is no corroboration of Jennetta Willie's testimony.

A notary's acknowledgment to a deed cannot be impeached by the mere assertion, though under oath, by the grantor that she did not sign the deed, but, as this court has said in Dyal v. Norton, 47 Okla. 794, 150 Pac. 703:

"The evidence to impeach a certificate of acknowledgment should be clear, cogent, and convincing, and such as produces a conviction amounting to a moral certainty that the certificate is false."

See. also, Probert v. Caswell et al., 90 Okla. 67, 215 Pac. 733.

This rule is also laid down in 1 R. C. L. 297; 1 C. J. 886; and in 1 C. J. 889, it is said:

"It is very generally held that the unsupported and uncorroborated testimony of the grantor is not sufficient to overcome a certificate regular on its face, especially where the certificate is supported by the testimony of the officer who took the acknowledgment, or by other competent evidence."

The reason for the rule is well stated in 1 C. J. 284, where it is said:

"The reasons for these rules are obvious and satisfactory. They are essential to the security of titles. If the solemn deed of a party to real estate. duly attested by a public officer and recorded according to law, may be avoided by the grantor's individual oath. or by anything short of clear and convincing evidence, the efficacy of recording statutes is largely destroyed, and the title to such property is precarious indeed. Public policy, as well as individual security. require that the ownership and peaceful possession of land should be subjected to no such hazard."

One of the reasons assigned for denying the signature to the deed, is that witness testifies she never spelled her name "Jeannetta," but always spelled it "Jennetta." Defendant offered in evidence other instruments executed by this defendant, wherein she had spelled her name "Jeannetta," but these were excluded by the trial court. In the supplemental motion for a new trial, upon the ground of newly discovered evidence, the defendant attached photostatic copies of the records of the Department of the Interior, as far back as 1900 and 1901, wherein this plaintiff, in signing the various documents, on one occasion signed her name as "Jeannette Mundy," twice as "Jeannetta Mundy," and once as "Jeannetta Monday," notwithstanding her name was in the body of each of the instruments recorded as "Jeanetta Monday."

In view of the state of the record, and the holding of this court as to the evidence necessary to impeach the acknowledgment of the notary, it would be useless to remand this cause for a new trial as to Jennetta Willie.

For the reasons herein stated, the judgment of the trial court is reversed, and this cause remanded, with directions to the trial court to vacate its judgment heretofore entered, and to enter judgment quiet-

ing title to the lands in controversy in the defendant, Mike Eneff.

By the Court: It is so ordered.

Note.—See under (1) 18 C.J. p. 243, §177. (2) 1 C. J. p. 896, §284; p. 899, §286; 1 R. C. L. 297; I R. C. L. Supp. p. 93; 5 R. C. L. Supp. p. 20.